√Williams (R)

FILED
JUN 15 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983**

**Action Number** 3:10CV408
(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

**I. PARTIES** - Prison Health Services, Et, Al. (See attachment pgs. 1 & 2).

**A. Plaintiff:** Clarence Roulhac, Jr.

1. (a) Clarence Roulhac, Jr. (name) (b) #1187009 (inmate number)

(c) Powhatan Correctional Center (address)

State Farm, Virginia 23160

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.

**B. Defendant(s):** Linda Ray; Dr. L. Kump; Dr. A. Toney; B. Janek, DMD; and Dr. Fred Schillings.

Plaintiff is advised that only persons acting under color of state law are proper defendants under section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under section 1983. In addition, liability under section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens and sheriffs are not liable under section 1983 just because they supervise persons who may have violated your rights. These persons are liable only if they were personally involved in the alleged deprivation. In addition, prisons, jails, and departments within an institution are not persons under section 1983.

1. (a) Ms. Linda Ray (name) (b) Head Nurse (title/job description)

(c) 3600 Woods Way, Powhatan Corr. Ctr. (address)

State Farm, Virginia 23160

RECEIVED
JUN 14 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

2. (a) Ms. L. Kump (name) (b) Doctor (title/job description)

(c) 3600 Woods Way, Powhatan Corr. Ctr. (address)

State Farm, Virginia 23160

3. (a) Mr. A. Toney (name) (b) Doctor (title/job description)

(c) 3600 Woods Way, Powhatan Corr. Ctr. (address)

State farm, Virginia 23160

(See attachment page 2, paragraphs 3-7)

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

Plaintiff MUST provide an address for defendant(s) in order for the court to serve the complaint. If plaintiff does not provide an address for a defendant, that person may be dismissed as a party to this action.

In addition, plaintiff MUST provide a copy of the completed complaint and any attachments for EACH defendant named.

**II. PREVIOUS LAWSUITS**

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [ ] No [X]

B. If your answer to A is YES: You must describe any lawsuit, whether currently pending or closed, in the space below. [If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.]

1. Parties to previous lawsuit:

Plaintiff(s) N/A

Defendant(s) N/A

2. Court [if federal court, name the district; if state court, name the county]: N/A

3. Date lawsuit filed: N/A

4. Docket number: N/A

5. Name of Judge to whom case was assigned:

N/A

6. Disposition [Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?]:

N/A

**III. GRIEVANCE PROCEDURE**

A. At what institution did the events concerning your current complaint take place? Powhatan Correctional Center

B. Does the institution listed in A have a grievance procedure? Yes [X] No [ ]

C. If your answer to B is YES:

1. Did you file a grievance based on this complaint? Yes [X] No [ ]

2. If so, where and when: 7/20/09, P.C.C. Grievance Dept.

3. What was the result? Ombudsman Service Unit did not address the issue. See exhibit(I).

4. Did you appeal? Yes [X] No [ ]

5. Result of appeal: Stamped by department and returned to plaintiff. See exhibits (I-O).

D. If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [ ] No [ ]

If your answer is YES: What steps did you take?

N/A

E. If your answer is NO, explain why you did not submit your complaint to the prison authorities.

N/A

## IV. STATEMENT OF THE CLAIM

[State here as briefly as possible the **facts** of your case. **Describe how each defendant is involved and how you were harmed by their actions.** Also include the names of any other persons involved, dates and places of events. You may cite constitutional amendments you allege were violated, but **do not** give any legal arguments or cite any cases or statutes.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. (Attach additional sheets if necessary.)]

See attachments - Statement of Claims, pages 2 - 7, paragraphs 10 - 24.

## V. RELIEF

I understand that in a section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. C.R.Jr. [please initial]

The plaintiff wants the Court to: [check those remedies you seek]

X award money damages in the amount of $ 500,000.00

X grant injunctive relief by See attachment page 7, paragraph 2.

X Other See attachment page 7, paragraphs 3 & 4.

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

Powhatan Correctional Center, (See attachment page 1, paragraph 2).

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a jury or court trial, with appeal to the District Court or direct appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes [X] No [ ]. You may consent at any time; however, any early consent is encouraged.

If you checked Yes, do you wish to have an appeal to the District Court or directly to the U.S. Court of Appeals? (Choose one) District Court

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this 25 day of May, ~~19~~2010

Plaintiff Clarence Roulhac, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. §1983**

**CLARENCE ROULHAC, JR.,#1187009,**

**PLAINTIFF,**

**V.** **CIVIL ACTION NO.** 3:10cv408

**PRISON HEALTH SERVICES,**

**REGISTERED AGENT:** **CT CORPORATION SYSTEM**
**4701 COX ROAD, SUITE 301**
**GLEN ALLEN, VA. 23060**

**AND**

**LINDA RAY, DR. L. KUMP, DR. A. TONEY, B. JANEK, DMD.**

**ADDRESS:** **POWHATAN CORRECTIONAL CENTER**
**3600 WOODS WAY**
**STATE FARM, VIRGINIA 23160**

**AND**

**DR. FRED SCHILLINGS,**

**ADDRESS:** **OFFICE OF HEALTH SERVICES**
**VIRGINIA DEPARTMENT OF CORRECTIONS**
**P.O. BOX 26963**
**RICHMOND, VIRGINIA 23231**

**DEFENDANTS.**

1. Plaintiff is advised that only persons acting under color of state law are proper defendant(s) under Section 1983. The Commonwealth of virginia is immune under the Eleventh Amendment. Private parties such as attorney(s) and other inmate(s) may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant(s) that caused you harm. Normally, the Director of the Department of Corrections, warden(s), and sheriff(s) are not liable under Section 1983 just because they supervise persons who may have violated your rights. These persons are liable only if they were personally involved in the alleged deprivation. In addition, prisons, jails, and department within institution are not persons under Section 1983.

**PARTIES**

2. Plaintiff is a prisoner at Powhatan Correctional Center in State Farm, Virginia ("Powhatan Prison") and has been confined there since July 27, 1993.

3. Prison Health Services Inc., ("PHS") is a corporation authorized to conduct

business under laws of the Commonwealth of Virginia and under contract with Virginia Department of Corrections ("VDOC") to provide medical and dental services through its employees, to prisoners confined in Powhatan Prison.

**DEFENDANTS**

3. Linda Ray, is the Head Nurse at Powhatan Prison, and an employee of Prison Health Services ("PHS"). She supervises and exercises control over PHS staff at Powhatan Prison during times relevant to the allegations of this Complaint.

4. Dr. L. Kump, is a physician at Powhatan Prison, employed by PHS. She provided medical care services to plaintiff at times relevant to the allegations of this Complaint.

5. Dr. A. Toney, is the Medical Director at Powhatan Prison. He is responsible for the over-all supervision of all medical and dental staff employed by PHS at Powhatan Prison and for supervision of medical services provided to plaintiff.

6. B. S. Janek, DMD., is a dentist employed by PHS at Powhatan (P.M.U.) Prison. He provided services to plaintiff at times relevant to the allegations of this Complaint.

7. Dr. Fred Schillings, is the Health Service Director ("VDOC") who directs medical services provided to plaintiff and all other prisoners at Powhatan Correctional Center.

8. Plaintiff has no previous lawsuits.

**GRIEVANCE PROCEDURE**

9. The events concerning this complaint took place at Powhatan Correctional Center. This complaint was grieved and appealed. See exhibits (I-O), attached to the rear of this complaint.

**STATEMENT OF THE CLAIM(S)**

10. Plaintiff was hit in the mouth while playing softball on May 15, 2009, at approximately 6:10 P.M., plaintiff went to medical (PHS) at Powhatan Correctional Center, because of severe bleeding. [According to plaintiff's medical record of

May 15, 2009, at 18:20 hours (6:20 P.M.), plaintiff was playing basketball and was head-butted in the mouth, to have ¼" inch long by ½" inch wide laceration under lower lip, two (2) bottom teeth loose. Blood pressure 220/130, area cleaned blood pressure 180/108. Plaintiff's medical records are incomplete and falsified. See exhibit (A)].

11. At approximately 19:20 hours (7:20 P.M.) May 15, 2009, plaintiff was transported to the Emergency Room M.C.V. at 02:00 hours (2:00 A.M.) May 16, 2009, Dr. Durham (M.C.V. Dental Surgeon) performed the surgery on plaintiff's mouth/injury, two (2) teeth were extracted and some bone removed. Plaintiff's gum was stitched-up, and the area just below plaintiff's bottom lip was stitched-up inside and out. Plaintiff was given medication, and instructions from M.C.V. Medical Dept., to give to P.C.C. Medical Dept., (PHS) for plaintiff's treatment. See exhibit (B) medical record.

12. On may 18, 2009, plaintiff saw Dr. Kump. She took plaintiff's vital signs, and blood pressure, which was 162/92. Plaintiff asked Dr. Kump about his high blood pressure from January 2009, physical examination. [Plaintiff haven't had a complete physical since April 1993, while in P.C.C Receiving Unit]. Dr. Kump had plaintiff's medical record in her hand, but stated, "I don't have those numbers." No medical treatment was prescribed for plaintiff's high blood pressure. See exhibit (C) medical record.

13. Prior to dr. Kump changing plaintiff's bandages on May 18, 2009, no one in medical (PHS) had changed the bandages on May 16, 17, 2009. Plaintiff's mouth was swollen inside and out. There was a foul odor and pus (fungus) drainage. In accordance to the medical instructions from M.C.V., plaintiff was to use Peridex 0.12% liquid twice a day for 14 days, which plaintiff never used. M.C.V's., instructions were not followed by P.C.C. Medical Staff (PHS).

14. On may 19, 2009, plaintiff went to P.C.C. Medical (PHS) at 5:10 P.M., and told the nurse at the window there is a fungus (pus) on the stitches under the out-

side of plaintiff's bottom lip, and the injury is not healing properly, plus there is a foul odor. The nurse asked plaintiff, who changed the bandage before? Plaintiff replied, "no one since Dr. kump." The nurse gave plaintiff gauzes and band-aids. On May 20, 21, 22, 2009, no one changed plaintiff's bandages. The band-aids would not stick, because of the pus drainage (fungus), it kept falling off.

15. On May 23, 2009, at 5;20 P.M., plaintiff went to medical to get his medication and have the nurse check and examine plaintiff's injury, because this was plaintiff's last day for medication. Nurse Carr examined the injury and immediately stated, "the injury is infected." Plaintiff replied, "is that what's causing that nasty taste and bad smell in my mouth?" the nurse said, yes.

16. Nurse Carr called Dr. Ammonette (PHS) at Powhatan Correctional Center Receiving Unit (P.C.C.R.) and immediately returned and told plaintiff she was making preparation for transportation for plaintiff to go to M.C.V's. Emergency Room. At approximately 19:20 hours (7:20 P.M.) in M.C.V. Receiving the nurse took plaintiff's vital signs and blood pressure.

17. Dr. Durham who performed the first dental surgery (May 16, 2009) informed plaintiff that the "injury was infected." The stitches would have to be cut-out and removed, and the infected area (pus) cleaned out. Then the injury would have to be restitched, to include the inner and outer lip and gum. The infection ate a hole under plaintiff's bottom lip, after removal of pus and infected stitches. Dr. Durham said, "the Medical Department at P.C.C. (PHS) didn't follow the (M.C.V's.) instructions. The nurses were to change the bandages daily or twice a day or as needed, or sent plaintiff to the M.C.V's., Dental Clinic." Now the injury is worse and the surgery has to be repeated. See exhibit (E) medical record.

18. Dr. Durham cut the stitches out cleaned and cut away the infected area. Now there is a "hole" underneath plaintiff's bottom lip, and it has to be stitched to the gum in order for the injury to heal, the hole has to be packed with gauze. Plaintiff was discharged from M.C.V., at 23:15 hours (11:15 P.M.) and instructions were

sent again to P.C.C. Medical (PHS) with prescriptions. The injuries suffered as a result of the breach of contract are compensable injuries for which the defendants (PHS) are liable to plaintiff. See exhibit (D) medical record.

19. The denfants, individually and jointly, owe plaintiff a duty of care, which duty includes the adequate treatment of his injury, and the taking of necessary measures and precautions to prevent further injury to plaintiff and aggravation to his injury. The failure of "PHS" to follow M.C.V., Medical Instructions the defendants breached this duty of care. Plaintiff's mouth is permanently disfigured, and plaintiff's inner lip is stitched to his gum, because of the infection. Plaintiff has some type/form of nerve damage due to the burning/stinging sensation in the inner lip and gum area. As of now, plaintiff can't even be fitted for dentures, which created a eating problem, and demands a high nutritious soft diet, which plaintiff never received.

20. The fact that two (2) surgeries were needed, and there may be more in breaching this duty of care. The defendants failed to act with ordinary care, or in the alternative, the defendants acted with reckless disregard for or with deliberate indifference to plaintiff's serious medical need, being the mouth is so easily to get infected, and restricts movement of plaintiff's mouth, because the lip is stitched to the gum. The excessive nerves has created uncomfortable sensitivity in plaintiff's lip and gum. These defendants (PHS), individually and jointly were deliberate indifferent and continued to be deliberately indifferent to plaintiff's serious medical needs, which the defendants (PHS) are liable to plaintiff.

21. On November 2, 2009, at 2:15 P.M., plaintiff went to P.M.U. (P.C.C.) to the dentist, Dr. Janek (PHS), to have a tooth extracted from the injury of May 15, 2009, (six (6) months later). Plaintiff explained to Dr. Janek the sensitivity in his lip and gum, and how plaintiff's mouth is sore all the time from eating, because plaintiff only has two (2) teeth on the bottom gum, none at the top. Dr. Janek stated, "there is to much nerve in your lip and gum, by your lip being stitched to the gum."

The dentures would be a problem. Dr. Janek told plaintiff, "he would have to go to M.C.V., for reconstructive surgery." He also stated, "he would wait a month for plaintiff's mouth to completely heal.' Plaintiff said, "when I eat my mouth get sore, a month would be forever." Dr. Janek asked plaintiff, if he had a year or more left on his sentence, because it would take a year to get dentures? See exhibits (F) & (F-1), medical record.

22. As of April 13, 2010, Dr. Janek (Dentist P.M.U. "PHS") has not scheduled plaintiff for surgery, to get his lip separated from his gum, as he stated on November 2, 2009, in order to get plaintiff's dentures/teeth for eating, and to relieve plaintiff of the discomforts/suffering in his mouth (lip and gum stitched together) which cause the burning/stinging sensation in plaintiff's lip and gum.

23. The breach of duty of care by the defendants is the direct or proximate cause of plaintiff's injury. Each defendants was aware of plaintiff's injury, and the fact that the mouth is so easily subjected to infections, and "PHS" failed to provide adequate health care, which was reckless disregard toward plaintiff. Plaintiff's medical records were inadequately kept. Plaintiff's injury required asecond surgery, which was unnecessary, because it was clearly seen by the staff at the pill line window. The infections was foul in odor, and draining pus (fungus) as I stood in the pill line window, and it was painful as well as embarrassing and embasement. Plaintiff's face is permanently disfigured, and to include emotional distress and mental anguish. Plus the fact, plaintiff was never notified or treated for his high blood pressure until nine (9) months after "PHS" had knowledge of it. When medication was prescribed plaintiff's blood pressure and cholesterol "were not" momitored or checked periodically. Plaintiff's medical records are incomplete and falsified. See exhibits (G) & (H), medical records.

24. The actions of the defendants ("PHS") violated the prohibition against cruel and unusual punishment of Section 9, Article 1, of the Constitution of Virginia. This complaint constitute indifference to plaintiff's serious medical needs; thus a viola-

tion of his constitutional rights under the Eighth and Fourteenth Amendment to the United States Constitution. Plaintiff has bee and will continue to be irreparable injuried by the conduct/actions of the defendants ("PHS") unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

**RELIEF**

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a Petition for a Writ of Habeas Corpus if I desire this type of relief. C.R.JR.[please initial]

The plaintiff's want the Court to:

1. Award money damages in the amount of $500,000.00, against each defendant, jointly or/and severally.

2. Grant a preliminary injunction ordering defendants to provide adequate medical and dental care for plaintiff's injury (lip, gum, and dentures (teeth top and bottom)).

3. A declaration that the acts and omissions described herein violateed plaintiff's rights under the Constitution and Laws of the United States.

4. Any additional relief this Court deems just, proper, and equitable.

**CONSENT**

**CONSENT TO TRIAL BY A MAGISTRATE JUDGE:** The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a jury or court trial, with appeal to the District Court or direct appeal to the U.S. Court of Appeal for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:**
Yes [X] No [ ]. You may consent at any time: however, any early consent is encouraged.
If you checked yes, do you wish to have an appeal to the District Court or directly to the U.S. Court of Appeals (choose one) U.S. District Court.

Signed this 25 day of May 2010

Plaintiff Clarence Boulhac, Jr.
Signature