IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
APR 26 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

CLARENCE ROULHAC, JR., )
                                            )
     Plaintiff, )
v.                                   )     Civil Action No. 3:10CV408–HEH
                                            )
PRISON HEALTH SERVICES, )
INC., *et al.*, )
                                            )
     Defendants.

## MEMORANDUM OPINION
(Denying Plaintiff's Rule 59(e) Motion)

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. By Memorandum Opinion and Order entered on October 9, 2012, the Court dismissed the action. *See Roulhac v. Prison Health Servs., Inc.*, No. 3:10CV408–HEH, 2012 WL 4801833, at *6 (E.D. Va. Oct. 9, 2012). On October 30, 2012, Plaintiff filed a "MOTION FOR REMOVAL." (ECF No. 90). Because the Plaintiff filed the foregoing motion within twenty-eight (28) days of the entry of the October 9, 2012 Memorandum Opinion and Order, the Court will consider the motion as one for relief under Federal Rule of Civil Procedure 59(e). *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 278 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978). For the reasons stated herein, the motion will be DENIED.

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).[1]

Plaintiff asks that the "action be removed from this Court to the District Court of the Eastern District of Virginia, Norfolk Division" on four grounds. (Mot. For Removal 1.) First, Plaintiff argues that the Court denied "the right to file objection [sic] to the recommendation and opinion of the Magistrate Judge . . . Decided December 23, 2011, Filed December 23, 2011." (*Id.* ¶ 1.) Second, he alleges that the District Court "fail[ed] to give Plaintiff an opportunity to amend his complaint . . . and . . . to provide Plaintiff Notice of the Deficiencies in his complaint." (*Id.* ¶ 4.) The Court never referred the case to the Magistrate Judge for initial review, thus no Report and Recommendation issued. Furthermore, Plaintiff had ample opportunity while the action was pending to amend his complaint. Thus, he states no grounds for granting relief under Rule 59(e).

Third, Plaintiff claims that the Court "erred in viewing the evidence in light most favorable to Prison Health Services Inc., denying Plaintiff Equal Protection of Law." (*Id.* ¶ 2.) Plaintiff's conclusory allegation, without more, fails to demonstrate any clear error of law or any other basis for relief pursuant to Rule 59(e).

---

[1] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).

Finally, Plaintiff contends that

> he filed a complaint against Judge Henry E. Hudson for violating the Federal Rules of Civil Procedure under 28 U.S.C. §351[sic] . . . . Plaintiff was told by the Clerk of the United States Court of Appeals for the Fourth Circuit Richmond, Virginia, that such allegations must be pursued through appeal rather than through a misconduct complaint.

(*Id.* ¶ 3.) Plaintiff fails to demonstrate that the Court committed a clear error of law or any other grounds for granting relief under Rule 59(e). To the extent Plaintiff seeks removal of his case based on the above grounds, Plaintiff demonstrates no bias of the Court. An unfavorable ruling alone fails to constitute a valid basis for a judicial bias claim. *See United States v. Williamson*, 213 F. App'x 235, 237 (4th Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Accordingly, Plaintiff's "MOTION FOR REMOVAL" (ECF No. 90) will be DENIED.

The Clerk is DIRECTED to send this Memorandum Opinion to Plaintiff and counsel of record.

It is so ORDERED.

Date: April 26, 2013
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

3